**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| VANTAGE POINT TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Vantage Point Technology, Inc. ("Vantage Point") alleges the following for its complaint against Defendant Apple Inc.

**THE PARTIES**

1.      Plaintiff is a corporation formed under the laws of the State of Texas having its principal place of business at 719 W. Front Street, Suite 244, Tyler, Texas 75702.

2.      Defendant is a corporation formed under the laws of the state of California with a principal place of business at 1 Infinite Loop, Cupertino, California 95014.  Defendant may be served with process via its registered agent CT Corp. System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

**JURISDICTION AND VENUE**

3.      This is a patent infringement action.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

4.      The Court has personal jurisdiction over Defendant because it has availed itself of the rights and benefits of this District by conducting business in this jurisdiction, including by promoting and selling products for sale via the internet, which is accessible to and accessed by

residents of this District, and operating retail locations and knowingly selling products in stores throughout this District.

5.     Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(d) and §1400(b), because substantial acts of infringement have occurred in this District.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 5,463,750**

6.     On October 31, 1995, U.S. Patent No. 5,463,750 (the "'750 Patent") entitled "Method and Apparatus for Translating Virtual Addresses in a Data Processing System Having Multiple Instruction Pipelines and Separate TLB's for each Pipeline" was duly and legally issued by the United States Patent and Trademark Office. The application for the '750 Patent was filed on November 2, 1993 and originally assigned to Intergraph Corporation. A true and correct copy of the '750 Patent is attached as Exhibit A hereto.

7.     Plaintiff is the sole and exclusive owner of all right, title, and interest in the '750 Patent and holds the exclusive right to take all actions, including the filing of this patent infringement lawsuit, necessary to enforce its rights to the '750 Patent. Plaintiff also has the right to recover all damages for past, present, and future infringement of the '750 Patent and to seek injunctive relief as appropriate under the law.

8.     Defendant has directly infringed, either literally or by equivalents, one or more claims of the '750 Patent by making, having made, using, selling, offering for sale and/or importing products that satisfy each and every limitation of one or more claims of the '750 Patent, including at least Claim 1. Such products include, at least, any and all chipsets with an ARM based Swift, dual ARM Cortex A9s, or ARM Cortex A8 core processor design. Such products also include smart phones, tablets, and/or computers that incorporate those chipsets. Upon information and belief, the accused chipset products include at least the Apple A6, A6X,

A5, A5X, and the A4. Upon information and belief, Defendant has incorporated those chipsets into at least the following accused electronic device products, which it makes, has made, sells, offers to sell, and/or imports: iPhone 5, iPhone 4s, iPhone 4, iPhone 3Gs, iPad (4th Gen), and iPad (3rd Gen).

9.      Defendant's manufacture, sales, offers to sell, and/or importation of the identified accused chipset products and additional electronic device products incorporating those chipsets was unauthorized, without the permission of Plaintiff, and constitutes infringement under 35 U.S.C. §271 for which it is directly liable.

10.     As a result of Defendant's direct infringement, Plaintiff Vantage Point has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

## **JURY DEMAND**

Plaintiff requests a jury on all issues so triable.

## **PRAYER**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment that Defendant has directly infringed, either literally or by equivalents, the '750 Patent;

B. Award Plaintiff damages for Defendant's infringement in an amount to be determined at trial, including enhanced damages, costs, and pre and post-judgment interest; and

C. Award any other relief deemed just and proper.

November 21, 2013                                  Respectfully submitted,


                                                   /s/ Paul V. Storm
                                                   Paul V. Storm
                                                   Texas State Bar No. 19325350
                                                   Sarah M. Paxson
                                                   Texas State Bar No. 24032826
                                                   GARDERE WYNNE SEWELL LLP
                                                   1601 Elm Street, Suite 3000
                                                   Dallas, Texas  75201
                                                   (214) 999-3000
                                                   pvstorm@gardere.com
                                                   spaxson@gardere.com

                                                   ***Attorneys for Vantage Point Technology,
                                                   Inc.***

---